## JOHN H. MARTINSTEIN *v.* HIS CREDITORS.

The books of a merchant cannot be given in evidence in his favor; but if introduced by the other party, the whole must be taken together. C. C. 2244.

To ascertain the amount due on a debt bearing interest on which partial payments have been made, interest should be calculated from the maturity of the debt till the day of a partial payment. If the payment exceed the interest then due, it should be applied first to the payment of the interest, and the residue to the extinguishment of the principal; interest to be calculated on the balance due up to the next partial payment, and so on. Should any partial payment be less than the amount of interest at the time, it must be imputed, so far as it will go, to the extinguishment of interest. C. C. 2160.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Canon* and *Roselius*, for the appellant, Martinstein.

*Preston*, for the representatives of Aikin.

*Lockett*, for the syndic.

SIMON, J. The matters in controversy grow out of the tableau of distribution filed by the syndic of the estate of John H. Martinstein, who, far from being insolvent, appears by the said tableau to be entitled to a large balance proceeding from the sales of the property by him surrendered to his creditors.

Opposition was made by the petitioner to the homologation of the said tableau on divers grounds, among which he complains, that the amount therein stated to have been paid by the syndic to Oliver Aikin or his succession, is not wholly due by the opponent, who acknowledges himself indebted to Aikin only in about the sum of $12,000. He also alleges that in his account filed there are sums for illegal interest, for commissions, &c., which are not due by the opponent; and that the sum of $3845, stated

in the tableau to be the balance of accounts claimed by Aikin, or his representatives, is not due by the opponent.

Aikin's representatives also filed an opposition to the tableau, based upon an account annexed thereto, in which they claim as due to them on the first of February, 1837, a balance of $9311 84, which they pray may be allowed, with ten per cent interest from that date until paid.

The respective pretensions of the opponents were fully and minutely investigated by the judge *a quo*, from the vouchers and documents produced, and from the books kept by Aikin, the same having been called for by Martinstein. Written instructions or directions were given by the judge to serve as the basis of the account to be established and liquidated between the parties, whereupon said parties respectively made a statement of the amount which they conceived to be due to Aikin's representatives. The account presented by Aikin's representatives shows a balance due them of $6358 48, and the account presented by Martinstein exhibits a balance due by him, of only $2335 99, making a difference to be decided upon by the court of $4022 49, which became the subject of a new investigation.

The judge *a quo* proceeded to liquidate the balance due by Martinstein to Aikin, and found that the latter was entitled to recover the sum of $6000, for which he rendered judgment in favor of Aikin's representatives, to be paid out of the funds in the hands of the syndic; and from this judgment Martinstein has appealed.

This case presents no question of law. It involves merely questions of account which, as we have already remarked, were fully investigated by the inferior judge; and appear to have been settled below from the facts disclosed by the various transactions had between the parties during a certain number of years, and from the friendly intercourse which appears to have existed between Martinstein and Aikin, the latter of whom used to endorse for Martinstein, and to aid him in raising money, &c. There was a written agreement signed by them on the 25th of April, 1834, in which, after mentioning that a certain number of notes were deposited by Martinstein in the hands of Aikin, as collateral security for the payment of four notes due by Martinstein, amount

ing to $17,000, endorsed by Aikin, and due and protested on the 23d of the same month, it is expressly stated, that certain property sold by Martinstein to Aikin, is to be reconveyed to him after payment of the amount due Aikin, &c.; that the surplus of the proceeds of the sale of other property mortgaged shall be accounted for &c.; and that certain notes received by Aikin from Roswell Beebe, and shaved for the purpose of paying Martinstein's notes, are considered as having been discounted at the expense of said Martinstein.

We have read attentively the directions given by the judge *a quo*, on which Aikin's account was based, and are convinced of their correctness. Those directions were also taken by the judge as the foundation of his final judgment upon the respective rights of the parties; which judgment divides the difference between their respective accounts into seven items, a careful review of which has brought us to the conclusion that no error has been committed.

1st. The sum of $853 is allowed as being the amount of the the shaving interest to be supported by Martinstein. It is clear that this charge is to be borne by him, under the written agreement above referred to.

2d. This is for costs paid in a suit against Martinstein, and was properly allowed.

3d. This is for a sum of $1100, charged as cash to Martinstein. It appears that this charge was proved by the books of Aikin, called for by Martinstein, and produced in evidence. Martinstein had the benefit of two credits found in the books, and it is clear that, although the books of merchants cannot be given in evidence in their favor, still, when called for by the other party, they must be taken together; and they cannot be rejected, when they contain facts against the party at whose request they are produced. Civil Code, art. 2244. Code of Practice, arts. 140, 473.

4th. This item of $202 50, was properly rejected, as being already included in another charge.

5th. This charge is for one of Commagère's notes which was lost or mislaid, and never was recovered by Aikin. The re mark of the judge that the loss of this note cannot materially in-

terfere with its recovery from Commagère's estate, appears to us correct.

6th. This is the amount of interest due on the above sums, and must necessarily be allowed.

7th. This appears to be the difference of interest, resulting from the manner in which it was calculated and stated in the account. This difference amounts to $1098 73. On referring to Aikin's account, we think it was properly calculated. The calculation appears to have been made according to the rule recognized by this court in the case of *Hynson et al.* v. *Maddens et al.*, 1 Mart. N. S. 571, in which it was held that, when partial payments are made, interest should be calculated from the maturity of the debt, till the day of a partial payment and added to the principal, and then the partial payment be deducted from the aggregate, the balance to continue to bear interest until the next partial payment, and so on, unless the payment made is not sufficient to extinguish the interest due at the time it is made. Under art. 2160 of the Civil Code, the partial payment must first be imputed to the extinguishment of the interest. The account of Martinstein is, in our opinion, incorrect. It takes the 1st of July, 1837, as the date until which the interest is to be calculated; but it charges Aikin with interest on the notes by him received and collected, not from the time they became due, but from the 23d of April, 1834, the day on which they were deposited by Martinstein in Aikin's hands under the written agreement.

Upon the whole we have been unable to discover that any part of the judgment appealed from requires our interference.

                                        *Judgment affirmed.*